IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re:<br>**CORRIDOR MEDICAL SERVICES, INC., CORRECTIONAL IMAGING SERVICES, LLC, and CMS LAB, LLC,**<br>Debtors. | § § § § § § § § § § § § | Case No. 18-11569<br>Case No. 18-11570<br>Case No. 18-11571<br><br>(Chapter 11)<br><br>(Jointly administered under Case No. 18-11569) |
| **CORRIDOR MEDICAL SERVICES, INC.**<br>Plaintiff,<br>v.<br>**ECHO HEALTH, INC.,**<br>Defendant. | § § § § § § § § § § § § § | Adv. Pro. No. 20-_____ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Corridor Medical Services, Inc. and files this its Original Complaint and alleges, on information and belief, as follows:

**JURISDICTION, VENUE AND PARTIES**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E) and (O). Plaintiff consents to entry of a final judgment by this Court.

2. Venue is proper in this Court because the main bankruptcy case, Case No. 18-11569-hcm (the "Bankruptcy Case"), is pending before the Court.

3. Plaintiff is the Reorganized Debtor in the Bankruptcy Case. The Bankruptcy Case was filed on November 30, 2018 (the "Petition Date).

4. Defendant Echo Health, Inc. is a corporation organized under the laws of the State of Ohio and may be served pursuant to Bankruptcy Rule 7004(b)(3) by mailing a copy of this Complaint and summons to its registered agent: William A. Minnich, 810 Sharon Drive, Westlake, OH 44145.

## FACTUAL BACKGROUND

A. *Prepetition and Postpetition Relationship Between the Parties*

5. Defendant Echo Health, Inc. is a payment processing company. It acts as a middleman for insurance companies seeking to make payments to healthcare providers such as Plaintiff.

6. On or about April 13, 2018, New York Unity Factor obtained a judgment against Debtor and Stephen Nelson in the amount of $486,432 based on a confession of judgment. *See Cause No. IN18-150904* in the Supreme court of the State of New York, County of Richmond, styled *New York Unity Factor, LLC vs. Corridor Medical Services Inc. and Stephen Nelson.*

7. On or about July 16-17, 2019, Complete Business Solutions Group ("CBSG"), an affiliate of New York Unity Factor, sent email communications to twenty-three (23) persons believed to owe money to Plaintiff demanding that any amounts owed by Plaintiff be remitted to CBSG.

8. Echo Health, Inc. received one of these notices and began withholding funds payable to the Debtor and remitting them to CBSG.

9. On November 30, 2018, Plaintiff filed a petition under Chapter 11 of Title 11 ("Petition Date").

10. Debtor began communicating with Defendant shortly after the Petition Date informing it that Debtor was in bankruptcy and that payments should be sent directly to Debtor. Echo failed and refused to do so.

11. On September 10, 2019, Debtors filed a Motion for Turnover and for Sanctions against CBSG. Beginning shortly thereafter, CBSG instructed Echo on numerous occasions in telephone conversations and emails to remit funds directly to the Debtor.

12. For over nine months after being notified by CBSG to send payments directly to the Debtor, Echo continued to ignore these instructions and made payments due Debtor to CBSG. Sometimes CBSG forwarded the checks to Debtor and sometimes it did not. As a result, the Debtor had to repeatedly contact CBSG to obtain delivery of the mis-routed checks, when it was clear that checks had been issued and sent.

13. The last check which Debtor received from CBSG was on March 1, 2020. Debtors did not begin receiving checks directly from Defendant until late June of 2020.

14. On or about July 27, 2020, the Securities and Exchange Commission obtained a receiver over CBSG in Case No. 20-CIV-81205-RAR in the United States District Court for the Southern District of Texas.

B. *Post-Petition Transfers*

15. Although the transfers of funds to CBSG began prior to the Petition Date, they continued until approximately late June of 2020.

16. After the Petition Date, there have been three types of transactions involving Echo Health:

    (a) Funds which were remitted to CBSG and later delivered to the Debtor;

    (b) Funds which were remitted to CBSG and not sent to the Debtor; and

  (c) Beginning in June of 2020, checks which were properly remitted to the Debtor.

17. According to the website of Echo Health, it has issued checks payable to the Debtor in the amount of $287,491.85 since the Petition Date.

18. The Debtor has confirmed receiving $159,213.64 of this amount.

19. Upon information and belief, there are $128,278.21 in unaccounted funds ("Unaccounted Funds").

## FIRST CAUSE OF ACTION

*Avoid Transfers totaling $128,278.21 as unauthorized post-petition pursuant to 11 U.S.C. § 549 and recover the value of such Transfers from pursuant to 11 U.S.C. §550*

20. Pursuant to 11 U.S.C. §549, the Trustee or Debtor-in-Possession may recover a transfer that is made after the Petition Date and is not authorized under title 11 or by the Court.

21. The Unaccounted Funds were each transferred after the Petition Date.

22. The Unaccounted Funds were transferred in violation of title 11 because the automatic stay of 11 U.S.C. §362 prohibits the enforcement against the property of the Debtor of a judgment obtained prior to the Petition Date.

23. Plaintiff seeks to avoid the transfer of the Unaccounted Funds pursuant to 11 U.S.C. §549.

24. Plaintiff seeks to recover the Unaccounted Funds pursuant to 11 U.S.C. 550.

## SECOND CAUSE OF ACTION

*Recover damages for violation of the automatic stay.*

25. Under 11 U.S.C. § 362(a), a petition in bankruptcy operates as a stay, applicable to all entities of:

  (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

26. Defendant violated the automatic stay when it exercised control over property belonging to Debtor and mis-directed checks to a party that was not entitled to receive such property.

27. Violation of the automatic stay constitutes civil contempt.

28. Based on Defendant's repeated and willful violations of the automatic stay, Plaintiff may recover not only the Unaccounted Funds but its costs incurred in remedying such violations as well as punitive damages.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that it recovers from the Defendant an amount not less than $128,278.21, actual and punitive damages for violation of the automatic stay and for such other relief, at law and in equity, to which it may be entitled.

Dated: November 30, 2020

Respectfully submitted,

**BARRON & NEWBURGER, P.C.**

*/s/Stephen W. Sather*
Barbara M. Barron (TBA No. 01817300)
Stephen W. Sather (TBA No. 17657520)
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 476-9103
Facsimile: (512) 476-9253

*Attorneys for the Plaintiff*